UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JUSTIN S. SLATES,

                    Petitioner,                 Case No. 2:26-cv-124

v.

                                      Honorable Ray Kent

JAMIE CORRIGAN,

                    Respondent.

_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2).

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment."). Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson*

*v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies.

## Discussion

### I.  Factual allegations

Petitioner Justin S. Slates is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. On October 20, 2023, following a four-day jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct (CSC-I) and one count of second-degree criminal sexual conduct (CSC-II). On November 27, 2023, the court imposed concurrent sentences on Petitioner: 25 to 40 years imprisonment on each of the CSC-I counts and 3 years, 7 months to 15 years on the CSC-II count.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> This case arises out of multiple sexual assaults committed by defendant in 2010 against his cousin when she was six years old and he was approximately 20. The sexual assaults took place during family gatherings at the home of the victim's and defendant's grandparents in Portage, Michigan.
>
> At trial, the victim testified about three instances in which defendant sexually assaulted her. In the first instance, he digitally penetrated her vagina in the basement of the Portage residence. During the second instance, which also occurred in the basement, he held her arms to her sides, pinned her to the floor, and had sexual intercourse with her. The third sexual assault occurred in the dining room as various family members prayed before a meal. While the family members and the victim stood in a circle with their heads bowed and eyes closed, defendant touched the victim's breasts and bottom over her clothing.
>
> Defendant told her that he would "play with" or "tickle" her siblings if she informed anyone about the sexual assaults. She understood that to mean that he would

3

sexually assault her siblings if she reported the abuse because he would refer to what he did to her as "playing" or "tickling," so she initially did not report the sexual abuse to anyone. She coped with the trauma of the abuse by writing and drawing. Over defendant's objection, the trial court admitted two diary entries from the victim as the prosecution's Exhibits 12 and 15. Exhibit 12 contained drawings of tear drops and read: "Where was God? God[,] I cried out to you! You watched me lay [sic] there crying! You allowed me to die inside[.] Why?" Exhibit 15 featured a drawing of an arm sticking out from below the surface of a body of water and read: "Water isn't all that drowns you[,] hop[e]lessness can kill you too." The victim testified that she felt scared and did not understand why defendant was hurting her when she wrote the entry depicted in Exhibit 12. When she wrote the entry depicted in Exhibit 15, she was feeling hopeless.

Over defendant's objection, the trial court admitted as other-acts evidence testimony from the victim regarding an uncharged sexual assault.1 The victim testified that defendant sexually assaulted her again at her high school graduation party in the spring of 2022. While the victim and her friends were standing in a circle and playing a game, defendant approached her from behind, picked her up, tossed her in the air several times, and then "cradl[ed her] like a baby." As he cradled her, he touched her bottom and put his hand up her shirt, touching her breasts. According to the victim, that incident made her realize that the sexual abuse would not stop, and she also wanted to protect her siblings from the abuse, so she reported it to law enforcement.

*People v. Slates*, No. 369052, 2025 WL 1039761, at *1 (Mich. Ct. App. Apr. 7, 2025) (footnote omitted).

On April 21, 2026, Petitioner filed his habeas corpus petition. The petition raises five grounds for relief, as follows:

I.     Trial Counsel was ineffective when he allowed the prosecutor to use testimony without the opinion of an expert when the witness was testifying about her diary [entries] that [were] related to how she was feeling, emotions, etc.

II.    [T]he other [acts] testimony that was [e]licited from the Court and the prosecutor was prejudicial and it violated MCL 768.27(4) where there is a 10 year time limit for the use of other acts, and the witness could only recite one (1) incident.

III.   Trial counsel was ineffective when he allowed the Court and the prosecutor to use the other acts testimony without checking to ensure that it was not

4

> prejudicial, allowing emotional testimony without the opinion of an expert to testify [with regard to] the condition of an alleged victim of abuse.
>
> IV.     The use of other acts testimony was prejudicial under MRE 403 where the petitioner didn't get a fair trial by the use of other acts testimony.
>
> V.     The trial Court relied on testimony that was purely hearsay and there was no base to the charges that was brought forth where the witness had attempted this before in Van Buren County, Michigan and the charges were dropped/dismissed. (see attached statement)

(Pet., ECF No.1, PageID.2.) The attached statement referenced in ground V appears to raise other issues:

> VI.     Petitioner's uncle had provided an affidavit on the behalf of the petitioner being innocent of the alleged charges against him, and provided the petitioner a copy for his 6.500 Review.
>
> VII.     The testimony of the witness was purely coached and was interrupted by the trial court during the proceedings denying the petitioner a fair trial.
>
> VIII.     The danger of unfair prejudice and misleading the jury played a factor here where the jury was misle[d] by the prosecutor and the trial Court. This was all circumstantial evidence that was irrelevant to the issue at hand.
>
> IX.     An expert witness was suppose[d] to [have] been on hand to testify on the behalf of the victim to state that the emotional state of the victim is known to come from the history of someone who[] is a victim of abuse. Trial counsel never objected to the questioning of the witness by the Court and/or the prosecutor, but allowed it.
>
> X.     It is an abuse of discretion to allow the admission of exhibit's #12 and #15 without the testimony of an expert to agree to the state of mind of a victim (alleged victim) of abuse.

(*Id*., PageID.3.)

Review of the Michigan Court of Appeals opinion makes clear that Petitioner raised challenges in that court to the admission of "other acts" evidence and the "hearsay" diary entries. Petitioner does not contend, however, that he raised any ineffective assistance of counsel issues.

## II.  Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not alleged that he raised his ineffective assistance of counsel issues, the "coached testimony" issue, the "circumstantial evidence" issue, or the expert testimony issue in the Michigan appellate courts. Moreover, he affirmatively states that he failed to raise the issues regarding his uncle's affidavit.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law,

6

one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). It does not appear that Petitioner has filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kalamazoo County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has

exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on August 29, 2025**.** Petitioner does not allege that he petitioned for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on November 27, 2025, which was a holiday. The federal court was next open on December 1, 2025.  Accordingly, absent tolling, Petitioner would have one year, until December 1, 2026**,** in which to file his habeas petition. Petitioner filed the instant petition on April 21, 2026, more than six months before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for

leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at

9

least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment, granting Petitioner's application to proceed in forma pauperis (ECF No. 2), dismissing the petition for failure to exhaust state-court remedies, denying Petitioner's motion to stay these proceedings and hold them in abeyance (ECF No. 3), and denying a certificate of appealability.

Dated:    June 26, 2026                              /s/ Ray Kent
                                                     Ray Kent
                                                     United States Magistrate Judge

10